FAYER GIPSON LLP
MINH Z. KUO (State Bar No. 247489)
MKuo@fayergipson.com
GREGORY A. FAYER (State Bar. No. 232303)
GFayer@fayergipson.com
ELLIOT B. GIPSON (State Bar. No. 234020)
EGipson@fayergipson.com
2029 Century Park East, Suite 3535
Los Angeles, California 90067
Telephone: 310.557.3558
Facsimile: 310.557.3589

Attorneys for Plaintiff
Jeffery R. Werner

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JEFFERY R. WERNER, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RESIGNATION MEDIA, LLC, an Indiana Limited Liability Company; RESIGNATION HOLDINGS, LLC, a Delaware Limited Liability Company; KEEP CALM MANAGEMENT, INC., a California corporation; BOB PHILLIPP, an individual; and DOES 1-10, inclusive, ,<br><br>　　　　Defendants. | CASE NO. 2:14-CV-6494<br><br>**COMPLAINT FOR: 1) DIRECT COPYRIGHT INFRINGEMENT; 2) CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND 3) VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

# COMPLAINT

Plaintiff Jeffery R. Werner ("Werner" or "Plaintiff") alleges, on information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint for direct, contributory and vicarious copyright infringement against defendants Resignation Media, LLC, Resignation Holdings, LLC, Keep Calm Management, Inc. and Bob Phillipp (collectively, "Defendants") as indicated herein under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, requesting actual and statutory damages stemming from Defendants' for-profit, unauthorized exploitation of Plaintiff's copyrighted photographs on Defendants' website located at thechive.com ("theCHIVE").

2. Plaintiff is a highly acclaimed photographer who, over the past three decades, has built a successful career out of carefully investigating and researching unique and often dangerous subjects to photograph. The uniqueness of Plaintiff's portfolio has resulted in substantial licensing opportunities throughout the years, and Plaintiff relies on income from these licensing opportunities for both his living and to research and fund future photo shoots.

3. Defendants own and operate the website theCHIVE, generating web traffic in excess of 28 million visitors a month primarily through exploiting photo and video content gathered from across the Internet by Defendants' employees and users of theCHIVE. Virtually none of this content is created or owned by Defendants themselves. Instead, Defendants realized millions in advertising revenue on the basis of content that has simply been copied from other sources.

4. Without Plaintiff's authorization, Defendants have copied and distributed no less than eight (8) of Plaintiff's registered work by posting copies of Plaintiff's photographs to theCHIVE website. Defendants' continuing acts of infringement began in late 2012 and can still be viewed on theCHIVE website today, at http://thechive.com/2012/10/30/anybody-for-a-long-snuggle-8-photos/ and

http://thechive.com/2012/06/18/meet-giant-george-the-worlds-tallest-dog-20-photos/, screenshots of which are attached hereto as Exhibits A and B, respectively.

5. Defendants' conduct has caused and continues to cause enormous and irreparable harm to Plaintiff, and Plaintiff must be compensated for Defendants' willful acts of infringement and Defendants must be ordered to cease and permanently desist from their infringing activities.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 501(a).

7. This Court has personal jurisdiction over Defendants, and venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a), because Defendants may be found and conduct business in this District, and the acts of infringement complained of herein occurred in this District. Moreover, the injury suffered by Plaintiff, a resident of this District, occurred in this District.

## THE PARTIES

8. Plaintiff Jeffery Werner is an individual who resides in Los Angeles, California, and is the owner of the copyrights to the photographs that are the subject of this action.

9. Defendant Resignation Media, LLC ("Resignation") is an Indiana limited liability company with offices in Los Angeles, California. Resignation is the company that operates theCHIVE.

10. Defendant Resignation Holdings, Inc. ("Resignation Holdings") is a Delaware corporation with offices in Los Angeles, California. Resignation Holdings owns ninety-nine percent (99%) of Resignation, and dominates and controls Resignation. Resignation Holdings owns all of the intellectual property that Resignation uses to operate theCHIVE, including but not limited to the domain name, Internet addresses, and software Resignation uses to operate theCHIVE.

11. Defendant Keep Calm Management, Inc. ("KCM") is a California corporation with offices in Los Angeles, California. KCM is the manager of Resignation and Resignation Holdings.

12. Defendant Bob Phillipp ("Mr. Phillipp") is a natural person who is believed to reside in Los Angeles, California, and is employed by Resignation as the Head Editor of theCHIVE.

13. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1-10, inclusive, are unknown at the present time and Plaintiff therefore sues said DOES and each of them by such fictitious names. If necessary, Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities when they are ascertained.

14. Unless otherwise indicated herein, on information and belief, each of DOES 1-10, inclusive, participated in the activities described herein and rendered material assistance to the other Defendants in the actions alleged herein, conspired and agreed with and aided and abetted one or more of the other Defendants and at all relevant times each of the Defendants was the principal or agent, partner, independent contractor, loan-out company, servant and/or employee of at least one other of the other Defendants and all of the acts performed by them or omissions alleged herein were made in the course and scope of their employment, agency, partnership or other such relationship and with knowledge, consent, approval and/or ratification of the principals and each of them. Unless otherwise indicated herein, each of the parties herein named as DOES 1-10 is responsible in some manner or fashion and is liable and responsible on the facts alleged herein for all the relief sought. Defendants are jointly and severally liable for all acts of infringement described herein.

## GENERAL ALLEGATIONS

### *Plaintiff's Giant George Photographs*

15. Plaintiff Jeffery Werner is a renowned photographer who resides in Los

3
COMPLAINT

Angeles, California.  In a career spanning over three decades, Plaintiff has traveled across the United States and to 60 different countries developing a portfolio of work that covers a wide range of unique, and oftentimes dangerous, subjects ranging from death-defying stunt photography to seemingly-ordinary subjects in amazing and extraordinary circumstances.

16. The unique nature of Plaintiff's work and the intense interest that it garners has led to tremendous licensing opportunities.  Plaintiff's very first stunt photograph was featured in *People* magazine, and he has secured over one hundred double-page spreads in the *National Enquirer*.  His work has been licensed to leading periodicals such as *Time*, *Newsweek, Scholastic Magazine, Maxim, FHM, Marie Claire, In Touch Weekly, Daily Mail, French Photo, Playboy, Penthouse, Life, Smithsonian, Psychology Today,* the *National Examiner*, and the *New York Post*.

17. Plaintiff relies on income generated from licensing his photograph for his living.  Plaintiff employs a staff dedicated to researching new opportunities for photo shoots, as well as managing, monetizing, and policing the intellectual property of Plaintiff's portfolio.

18. On or about November 4, 2009, Plaintiff conducted an exclusive photo shoot of Giant George, a seven-foot long Great Dane who at the time was being discussed as a contender for the title of "World's Tallest Dog," bestowed by the Guinness Book of World Records.  Plaintiff and his staff researched, contacted and negotiated the terms of the photo shoot with Giant George's owner, and traveled to Tucson, Arizona for the photo shoot all at Plaintiff's expense.  The photo shoot resulted in a collection of photographs featuring Giant George (the "Giant George Photographs").

19. Interest in the Giant George Photographs exploded, resulting in lucrative licensing opportunities for Plaintiff.  Plaintiff licensed the Giant George Photographs to such media outlets as *The Daily Mail, The Oprah Show*, *Maxim Magazine*, *National Geographic Reader*, *In Touch Weekly*, *the National Examiner*, *QUO Magazine* in

Spain, and *30 Millions d'Amis*, Europe's premier animal magazine. In early February 2010, Giant George was declared by the Guinness Book of World Records as the world's tallest dog, resulting in renewed interest and further licensing opportunities for Plaintiff.

20. The Giant George Photographs were registered with the U.S. Copyright Office, Registration No. VAu 1-005-177, effective as of November 11. 2009. A true and correct copy of the related certificate is attached hereto as Exhibit C.

### *Plaintiff's Snuggery Photographs*

21. In or about August 2012, Plaintiff's staff discovered a story on a woman in Rochester, New York who had started a unique new business: cuddling clients. This new business was named "The Snuggery." Plaintiff and his staff negotiated a contract with The Snuggery that gave Plaintiff the right to an exclusive photo shoot and exclusive rights to exploit images of the The Snuggery for a period of time. In the September 2012, Plaintiff flew to Rochester and at his own expense, held a photoshoot at The Snuggery along with his staff, hired models, and make up artists.

22. Much like the Giant George Photos, the unique nature of The Snuggery Photos generated considerable interest and led to significant licensing revenue for Plaintiff. The Snuggery Photos were licensed to magazines, newspapers and TV outlets around the world, including *Inside Edition, In Touch Magazine*, *the National Examiner, The Sun, The Daily Mail, AOL*, and *ABC News*.

23. The Snuggery Photos were registered with the U.S. Copyright Office, Registration No. VAu 1-119-467, effective as of October 25, 2012. A true and correct copy of the related certificate is attached hereto as Exhibit D.

### *Defendants' Infringement of the Giant George and Snuggery Photographs*

24. Defendants operate a website named "theCHIVE," located at www.thechive.com. Defendants claim that theCHIVE website is "Probably the Best Site in the World," and a "one-stop shop for viral photos and videos that are fresh, hot, funny, beautiful and just plain awesome."

25. Defendants generate enormous traffic to theCHIVE website – in excess of 28 million visitors per month – primarily on the basis of photo and video content submitted by its users or found by its employees. According to an October 17, 2013 article published in Businessweek magazine, theCHIVE charges between $25,000 and $100,000 per day for advertisements on its website, and generates total revenues ranging from $50 million to $100 million annually.

26. The massive amounts of web traffic that theCHIVE generates from the use of found photo and video content has resulted in significant cloud with advertisers, allowing Defendants to enter into branded campaign partnerships with high-profile partners such as Sony, EA, Viacom, Motorola, Diageo, Miller Coors, Axe, and Old Spice.

27. Defendants create virtually none of the photo and video content that drives traffic to theCHIVE. On the "About" page of its website, TheChive proclaims that its employees, including its head editor Bob Phillipp, "visit websites in Russia, Japan, China, Hungary, Spain, Germany -the list goes on, to discover the best of the best and bring it to the U.S. If a legit funny photo is snapped somewhere in the world right now, it will make its way to theCHIVE's homepage before your morning coffee. theCHIVE is the foremost authority and source of all viral photos on the internet."

28. Mr. Phillipp is the cousin of defendant Resignation's president and co-founder, John Resig, and is employed as the head editor of theCHIVE.

29. On or around June 18, 2012, Mr. Phillipp, acting pursuant to the scope of his employment with theCHIVE, posted an article on theCHIVE website entitled "Meet Giant George –The world's tallest dog," in which he reproduced, distributed and publicly displayed five (5) of the Giant George Photos on theCHIVE website without permission, consent, or license from Plaintiff. At the time of the post, all Defendants were residents of California and operated their businesses within the Central District of California.

30. At the time Mr. Phillipp posted them to theCHIVE, the Giant George

Photos had been licensed to several mainstream mass-media outlets, including the Daily Mail, who had posted the Giant George Photos with a watermark that indicated the Giant George Photos were licensed from the copyright holder. The unauthorized copies of the Giant George Photos posted by Mr. Phillip were posted without such a watermark.

31. At all relevant times, Mr. Resig was acting within the scope of and pursuant to his duties as an employee of Defendant Resignation, Resignation Holdings, and/or KCM. Mr. Phillipp reproduced, distributed, and publicly displayed Plaintiff's Work without Plaintiff's authorization in the Central District of California.

32. The unauthorized copies of the Giant George Photos are hosted from Defendants' own servers at http://thechive.files.wordpress.com.

33. Defendants' unauthorized reproduction and distribution of the Giant George Photos has continued, uninterrupted, since they were posted to theCHIVE's website on June 18, 2012.

34. On or around October 30, 2012, Mr. Phillipp again posted an article on theCHIVE website using Plaintiff's copyrighted content, this time featuring three (3) of Plaintiff's Snuggery Photos. The Snuggery Photos were reproduced, distributed, and publicly displayed by Defendants without the knowledge or authorization of Plaintiff. At the time of the post, all Defendants were residents of California and operated their businesses within the Central District of California.

35. At all relevant times, Mr. Resig was acting within the scope of and pursuant to his duties as an employee of Defendant Resignation, Resignation Holdings, and/or KCM. Mr. Phillipp reproduced, distributed, and publicly displayed Plaintiff's Work without Plaintiff's authorization in the Central District of California.

36. The unauthorized copies of the Snuggery Photos are hosted from Defendants' own servers at http://thechive.files.wordpress.com.

37. Defendants' unauthorized reproduction and distribution of the Snuggery Photos has continued, uninterrupted, since they were posted to theChive's website on

October 30, 2012.

38. Plaintiff discovered Defendants' infringement of both the Giant George Photos and the Snuggery Photos in early April 2014.

39. Defendants' unauthorized creation of a derivative digital work, reproduction, distribution and public display of Plaintiff's copyrighted works was willful, intentional, and in reckless disregard of Plaintiff's rights in and to his copyrighted works.

40. As a direct result of Defendants' acts and omissions, Plaintiff has suffered damages in the form of lost licensing revenues. Defendants' acts and omissions have also devalued Plaintiff's works, by widely disseminating unauthorized copies of those works, while reaping substantial financial rewards on the basis of such stolen content.

## FIRST CLAIM FOR RELIEF
## (Direct Copyright Infringement, 17 U.S.C. § 501)
## Against All Defendants

41. Plaintiff repeats and realleges the allegations made in paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff is the author and owner of the copyrights to the Giant George Photos and the Snuggery Photos. All of the works at issue in this action are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

43. Defendants have directly infringed Plaintiff's copyrights through the unauthorized reproduction, display, and distribution of the Giant George Photos and the Snuggery Photos.

44. Defendants' infringement was and is willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

45. As a direct and proximate result of said infringement by Defendants' Plaintiff is entitled to damages in an amount to be proven at trial.

46. Because Defendants' copyright infringement was willful, Plaintiff is entitled to statutory damages equal to $150,000 per work infringed.

47. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. 505.

48. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. 504(b), including an accounting of and a constructive trust with respect to such profits.

49. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Giant George Photographs and the Snuggery Photographs. Plaintiff is entitled to preliminary and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)
### Against Resignation, Resignation Holdings, and KCM

50. Plaintiff repeats and realleges the allegations made in paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff is the author and owner of the copyrights to the Giant George Photographs and the Snuggery Photographs. All of the works at issue in this action are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

52. Mr. Phillipp has directly infringed Plaintiff's copyrights through the unauthorized reproduction, display, and distribution of the Giant George Photographs and the Snuggery Photographs.

53. Mr. Phillipp's infringement was and is willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

54. Resignation, Resignation Holdings and KCM, by virtue of being Mr. Phillipp's employer, knew or should have known of the infringing activity.

55. Defendants provided the site and means for such infringing activity to occur through theCHIVE, and encouraged its employees and representatives, including Mr. Phillipp, to discover and post to theCHIVE content that was created by others.

56. As a direct and proximate result of said infringement, Plaintiff is entitled to actual damages in an amount to be proven at trial.

57. Because Defendants' copyright infringement was willful, Plaintiff is entitled to statutory damages equal to $150,000 per work infringed.

58. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

59. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

60. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Giant George Photographs and the Snuggery Photographs. Plaintiff is entitled to preliminary and permanent injunctive relief.

//
//
//
//

# THIRD CLAIM FOR RELIEF

## (Vicarious Copyright Infringement)

### Against Resignation, Resignation Holdings, and KCM

61. Plaintiff repeats and realleges the allegations made in paragraphs 1 through 60 as if fully set forth herein.

62. Plaintiff is the author and owner of the copyrights to the Giant George Photographs and the Snuggery Photographs. All of the works at issue in this action are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

63. Mr. Phillipp has directly infringed Plaintiff's copyrights through the unauthorized reproduction, display, and distribution of the Giant George Photographs and the Snuggery Photographs.

64. Mr. Phillipp's infringement was and is willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

65. Resignation, Resignation Holdings and KCM have the ability to oversee and control the infringing activity of Mr. Phillipp as Mr. Phillipp's employers, and also by their control of theCHIVE website.

66. Resignation, Resignation Holdings and KCM have received a direct financial benefit from the infringement in the form of advertising revenues derived from traffic driven to theCHIVE website through the illicit use of Plaintiff's copyrighted works, and have therefore vicariously infringed upon Plaintiff's copyrights.

67. As a direct and proximate result of said infringement, Plaintiff is entitled to actual damages in an amount to be proven at trial.

68. Because Defendants' copyright infringement was willful, Plaintiff is entitled to statutory damages equal to $150,000 per work infringed.

69. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

70. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

71. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Giant George Photographs and the Snuggery Photographs.  Plaintiff is entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

A. For an award of statutory damages for copyright infringement, including willful infringement, in an amount to be ascertained at trial;

B. For an award of actual damages for copyright infringement, in an amount to be ascertained at trial;

C. For prejudgment interest thereon;

D. For a preliminary and a permanent injunction enjoining Defendants, each of them, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from further exploitation of the Giant George Photographs and the Snuggery Photographs;

E. For a declaration that Defendants have violated the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

1    F.    For Plaintiff's costs of suit;

2    G.    For reasonable attorneys' fees, including those pursuant to the Copyright Act, 17 U.S.C. § 505;

H.    For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringement of Plaintiff's copyrights.

I.    For such other and further relief as the Court may deem just and proper.

DATED: August 18, 2014

FAYER GIPSON LLP
MINH Z. KUO

By   /s/ *Minh Z. Kuo*
       MINH Z. KUO
Attorneys for Plaintiff Jeffery R. Werner

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

DATED: August 18, 2014

FAYER GIPSON LLP
MINH Z. KUO

By  /s/ *Minh Z. Kuo*
       MINH Z. KUO
Attorneys for Plaintiff Jeffery R. Werner